IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DANIEL LEE FALLIS,

      Plaintiff,

v.                                                         No. CIV-07-0690 JH/RLP

WARDEN JOHNSON, CCADC,
DEPUTY DEAN MARNEY, CCSO,

      Defendants.


MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's original and supplemental civil rights complaints (together the "complaint"). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies

the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts three constitutional claims. In support of these claims, Plaintiff alleges that a deputy sheriff trespassed on family property to recover missing property, Plaintiff's well-being was put in danger when he was incarcerated, he was denied "paper pens or even forms" for filing habeas corpus papers, and the state public defender's office "never said a word for my cause on record." The complaint asks for "all the relief for which I am entitled . . . ."

The Court may not grant relief on Plaintiff's allegations in Claim III against the state public defender's office. (The office is not actually named as a Defendant.) A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law"). A state agency is not a "person" for purposes of § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995), and may not be sued under the statute. Furthermore, an individual public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss this claim.

IT IS THEREFORE ORDERED that Plaintiff's Claim III for denial of due process is DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the original and supplemental complaints, for Defendants Johnson and Marney on Plaintiff's Claims I and II.

_____
UNITED STATES DISTRICT JUDGE